IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1150-G-BN |
| | § | |
| DEPARTMENT OF VETERANS AFFAIRS, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. Plaintiff Robert L. Brown moves for default judgment against Defendant U.S. Department of Veterans Affairs (the "VA"). *See* Dkt. No. 12. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny the motion.

**Applicable Background**

Brown has brought this employment discrimination action against the VA and individuals associated with the VA. *See* Dkt. No. 3. He responded to the recommendation that the Court deny his motion for leave to proceed *in forma pauperis*, *see* Dkt. Nos. 4 & 6, by paying the $400 statutory filing fee. And, on May 11, 2017, the Court entered an order noting that, although Brown is proceeding *pro se*, because he

has paid the statutory filing fee, he is responsible for properly serving each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(c), 4(e), 4(h), & 4(*i*) (setting forth procedures for serving defendants that are individuals in the United States; serving defendants that are corporations, partnerships, or associations; and serving the United States and its agencies, corporations, officers, or employees). That is, he must serve each defendant in compliance with, as applicable, Rule 4(c), 4(e), 4(h), or 4(*i*) and file proofs of service with the Court in accordance with Rule 4(*l*). *See* Dkt. No. 9.

The Court further advised Brown that, if proper service is not made before the ninetieth day after the filing of this action (which occurred on May 2, 2017) that is not a Saturday, Sunday, or legal holiday – which, here, will be July 31, 2017 – this case is subject to dismissal without prejudice unless he shows good cause for his failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period. *See id.*; FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

## Legal Standards and Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. *See* FED. R. CIV. P. 55(a). "This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D.

Tex. Jan. 27, 2011).

> Rule 55 (b)(2) of the Federal Rules of Civil Procedure governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2). A default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See, e.g.*, 50 App. U.S.C. § 521; FED. R. CIV. P. 55; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006).
>
> In the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*
>
> The [United States Court of Appeals for the] Fifth Circuit favors resolving cases on their merits and generally disfavors default judgments. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989)* ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."). This policy, however, is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936 (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotations omitted)); *see also Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir. 1990) (noting that default judgments allow courts to manage their dockets "efficiently and effectively").
>
> When making a determination as to whether or not to enter a default judgment, district courts are to consider the following factors: (1) whether

> material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.,* 161 F.3d 886, 893 (5th Cir. 1998). Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party. *See id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2-*3 (N.D. Tex. Jan. 14, 2013).

Entry of default judgment is completely within the Court's discretion. *See Lindsey,* 161 F.3d at 893. And the Court appropriately enters default judgment when a defendant fails to answer or otherwise refuses to obey court orders. *See Bonanza Int'l, Inc. v. Corceller,* 480 F.2d 613, 614 (5th Cir. 1973); *see also McGrady v. D'Andrea Elec., Inc.,* 434 F.2d 1000, 1001 (5th Cir. 1970).

As stated above, even before the Clerk takes the first step to initiate the default judgment process under Rule 55, a defendant must properly be served with a summons and the complaint. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."). And, "[u]ntil [a defendant] is *properly* served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (citations omitted and emphasis added); *see, e.g., Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process.

Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

Here, the Clerk correctly declined Brown's request for entry of default against the VA, noting that "service has not been made to the US Attorney General nor to the US Attorney Office." Dkt. entry dated July 26, 2017; *see also* Dkt. No. 11 (request for entry of default). This denial is enough to deny Brown's motion for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL 2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

But the undersigned further notes that his service as to the VA does not comply with the requirements of Rule 4 and is therefore not proper. The proof of service filed indicates that the VA was served through delivery of a summons by a process server to an employee designated to accept service of the VA through its Deputy Chief Counsel. *See* Dkt. Nos. 10, 11, & 12. Rule 4(*i*)(2), however, requires that, "[t]o serve a United States agency ... , a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency." FED. R. CIV. P. 4(*i*)(2). Service on the United States, as the Clerk has observed, requires

service on the United States Attorney for this district and on the Attorney General of the United States. *See* FED. R. CIV. P. 4(*i*)(1).

This lack of proper service on the VA means that the VA has not made "an appearance for purposes of Rule 55(b)(2)" and is currently not "susceptible to default." *Rogers*, 167 F.3d at 937; *see, e.g., Wiley v. Snow*, No. 3:05-cv-724-L, 2007 WL 2142854, at *2 (N.D. Tex. July 25, 2007) ("Plaintiff attempted to serve each defendant individually, but she did not serve the United States attorney or the Attorney General until September 2006, after her request for default. The court determines that, at the time Plaintiff filed her request for default, she had not properly served Defendants. Accordingly, Plaintiff's Request for Entry of Default and Default Judgment is denied." (brackets and emphasis omitted)); *Leon v. Ashcroft*, No. 03 Civ. 3680(LAK), 2003 WL 22533333, at *1 (S.D.N.Y. Nov. 7, 2003) (Rule 4(*i*) "required service not only by registered or certified mail to the Attorney General and the District Director, but also by delivery of a copy of the summons and complaint to the United States Attorney. FED. R. CIV. P. 4(*i*)(2)(A), 4(*i*)(1)(A). The latter step never was taken. This is fatal to plaintiff's motion for a default judgment.").

## Recommendation

The Court should deny Brown's motion for default judgment [Dkt. No. 12].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE