IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1150-G-BN |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action, in which a federal employee brings claims of discrimination against his employer, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

Although Plaintiff Robert L. Brown has named some 20 individual defendants, including the then-Secretary of the Department of Veterans Affairs (the "VA"), *see* Dkt. No. 3, to the extent that this is an employment discrimination action under Title VII, the VA Secretary, as the "head of the department," is the proper defendant, 42 U.S.C. § 2000e-16(c).

The Secretary moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Brown's complaint. *See* Dkt. Nos. 17 & 18. Brown filed a response to the motion [Dkt. No. 22] and a pleading that he represents to be an amended complaint [Dkt. No. 20]. The Secretary filed a reply brief. *See* Dkt. No. 23. And Brown then filed a Motion for

No-Evidence Summary Judgment on Defendant's Affirmative Defenses. *See* Dkt. No. 26.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to dismiss, deny the motion for summary judgment, and – because Brown has already filed an amended complaint – dismiss this action with prejudice.

## Applicable Background

Although Brown is proceeding *pro se*, the Court found that he did not qualify to proceed *in forma pauperis*. He then paid the statutory filing fee and served his complaint. In that complaint, filed on May 2, 2017, Brown, a supervisory pharmacy technician for the VA, alleges that his suspension by the VA, for 7 calendar days in 2015, for his failing to respond to supervisory requests – to report to work on a day that he was either on approved annual leave or on a regular day off – was discriminatory. *See* Dkt. No. 3. He specifically alleges a cause of action under Title VII and a separate cause of action under the Civil Service Reform Act ("CSRA"). *See id.* And, as explained below, Brown also filed an Amended Complaint, in which he adds a claim under 42 U.S.C. § 1983. *See* Dkt. No. 21. Through that filing and his response to the motion to dismiss, *see* Dkt. No. 22, Brown seeks to clarify or recharacterize any employment-discrimination claims as claims for racial discrimination.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal*

*Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of*

-3-

*Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). While pleadings in this context include attachments to the complaint, *see Katrina*, 495 F.3d at 205 (5th Cir. 2007), documents "attache[d] to a motion to dismiss are considered to be part of the pleadings,

-4-

if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "[D]ocuments are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But a court "may not incorporate [ ] into the complaint … a document referenced in the plaintiff's complaint [that] is merely evidence of an element of the plaintiff's claim." *Id.*

And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). In addition, "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion … are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I.    <u>Title VII and Exhaustion</u>

Claims under Title VII of the Civil Rights Act of 1964 "may only be adjudicated in federal court if the plaintiff exhausted [ ] administrative remedies in a timely manner." *Brown v. Jimmons*, Civ. A. H-15-2108, 2016 WL 4570758, at *2 (S.D. Tex. Aug. 31, 2016) (citing 42 U.S.C. § 2000e-5(e)(1); *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994)). And, while that act "permits most federal employees to seek relief from proscribed discriminatory employment practices in Federal District Court[, a]s a precondition to seeking this judicial relief, ... complaining employees must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheo*, 448 F.3d at 787-88 (footnote omitted); *see Baker v. McHugh*, 672 F. App'x 357, 360 (5th Cir. 2016) (per curiam) ("The EEOC 'has promulgated regulations that require, among other things, that a federal employee consult with an EEO counselor prior to filing a discrimination lawsuit.'" (quoting *Green v. Brennan*, 578 U.S. ____, 136 S. Ct. 1769, 1775 (2016))).

An aggrieved federal employee "'must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory,' although the 45-day limit will be extended if, inter alia, an individual shows that, despite due diligence, he was prevented by circumstances beyond his control from contacting the counselor within the time limits." *Baker*, 672 F. App'x at 360 (quoting 29 C.F.R. § 1614.105(a)). "[T]he requirement of timely contacting an EEO counselor is non-jurisdictional," but the "failure to timely notify an EEO counselor is still a pre-suit requirement," *id.* at 361

(citations omitted), that may subject a federal employee's Title VII claims to dismissal under Rule 12(b)(6), *see, e.g., Chandra v. Bowhead Science & Tech., LLC*, No. 3:16-cv-375-B, 2017 WL 2729967, at \*5 (N.D. Tex. June 26, 2017) ("Chandra did not allege that he contacted the Army's EEO office, much less that he pursued administrative remedies with the office. As a result, Chandra failed to state a Title VII discrimination claim against the Army because he failed to allege that he exhausted administrative remedies." (citation and footnote omitted)).

Here, Brown's complaint includes allegations that he "exhausted agency grievance procedures" in March of 2015. Dkt. No. 3 at 2. But he fails to allege that he contacted the applicable EEO office at, or before, that time. In fact, the Secretary attaches to the motion to dismiss Brown's EEO complaint, reflecting that Brown initially contacted the EEO office on February 22, 2016 [Dkt. No. 18-1] – which, according to the Secretary, means at least some (if not all) of Brown's Title VII claims are time-barred.

It may be proper to consider an EEO complaint attached to a Rule 12(b)(6) motion to dismiss – as its "contents are essential to determining (i) whether the [complaint was] filed within the applicable statute of limitations, and (ii) whether the allegations contained in [the complaint] allege a colorable violation of Title VII." *Carter v. Target Corp.*, 541 F. App'x 413, 416-17 (5th Cir. 2013) (per curiam) (relying on *Collins*, 224 F.3d at 498-99, and considering EEOC charges attached to a motion to dismiss). But Brown is proceeding *pro se*. And weighing that status against the possibility of equitable tolling, *see Baker*, 672 F. App'x at 361 (discussing tolling in this

context),  and, moreover, that Brown, chiefly through his response to the motion to dismiss, unequivocally seeks to clarify or recharacterize his claims as alleging "racial discrimination" – not "employment discrimination" – the Court need not dismiss Brown's complaint based on a failure to timely exhaust administrative remedies, as required by Title VII. *E.g.,* Dkt. No. 22 at 3 ("This case is a racial discrimination action not an employment discrimination action.... This case should never have been characterized as an employment discrimination action. My frame of mind and my motive for filing this lawsuit was because of racial discrimination against me.... This is a pro se racial discrimination action. Any attempt to characterize this case as anything other than a racial discrimination case would be a miscarriage of justice. I respectfully request that the court rectify and record in its case file that this is pro se racial discrimination action, not a pro se employment discrimination action."); *see also id.* at 1 (arguing that the Court "should deny [the] motion to dismiss because exhaustion of administrative remedies is not a prerequisite to a section 1983 action"); *cf. Smith*, 2013 WL 2291886, at *8 ("[L]iberal construction does not require that the Court ... create causes of action where there are none."); *Turnage*, 671 F. App'x at 309 ("briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion").

II.    Civil Rights

Brown, through the Amended Complaint [Dkt. No. 21], filed on October 19, 2017, adds a cause of action under Section 1983 but provides no additional facts to support that claim. Despite the addition of this claim, the factual allegations – the sufficiency

of which are what "a Rule 12(b)(6) motion turns on," *Smith*, 615 F. App'x at 833 – remain the same: Brown, a federal employee, is suing his employer for discrimination in the workplace.

So, while Brown's Amended Complaint and his response make clear that he intends for the Court to treat his lawsuit as one pressing only civil rights claims, Supreme Court precedent forecloses this treatment, "as Title VII is 'an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination.'" *Newbold v. U.S. Postal Serv.*, 614 F.2d 46, 46 (5th Cir. 1980) (per curiam) (holding that the plaintiff could not allege a claim against the Postal Service under 42 U.S.C. § 1981; quoting *Brown v. GSA*, 425 U.S. 820, 829 (1976)); *see Rolland v. U.S. Dep't of Veterans Affairs*, 146 F. App'x 743, 746 (5th Cir. 2005) (per curiam) ("Rolland's employment discrimination claims under §§ 1983, 1985, and 1986 are precluded by our caselaw. 'Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees.' The district court properly dismissed those claims." (quoting *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing, in turn, *Brown*, 425 U.S. at 835))); *see also Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982) ("Broadway is a federal employee who was reassigned by her supervisors in the civil service system. The individual defendants in this suit are federal officials, acting under color of federal law rather than state law, and are not subject to suit under § 1983." (citations omitted)).

III.  <u>CSRA</u>

Turning to Brown's claim under the CSRA – "the principal statute governing

federal civil service practices," replete with "baroque provisions, scattered through Title V of the United States Code," *Broadway*, 694 F.2d at 981 – that statute

> was enacted to provide a comprehensive scheme for federal employees to challenge adverse personnel decisions. *See United States v. Fausto*, 484 U.S. 439, 455 (1988). It replaced an "outdated patchwork of statutes and rules that afforded employees the right to challenge employing actions in district courts across the country." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 13-14 (2012) (internal quotation marks and citation omitted). The availability of administrative and judicial review under the CSRA generally turns on the type of civil service employee and adverse employment action at issue. Certain employees may seek review of certain types of adverse personnel actions before the Merit Systems Protection Board ("MSPB"), whose decisions may be appealed to the United States Court of Appeals for the Federal Circuit.

*Gonzalez v. Manjarrez*, 558 F. App'x 350, 352-53 (5th Cir. 2014) (per curiam) (footnote omitted and citation modified).

As this overview of the CSRA implies, that statute provides no cause of action – implied or otherwise – in this Court. *See id.* at 354 ("[T]he [Supreme] Court in *Elgin* came to the 'conclusion that the statutory review scheme is exclusive, even for employees who bring constitutional challenges to federal statutes.'" (citation omitted)); *see also Ugarte v. Johnson*, 40 F. Supp. 2d 178, 182 (S.D.N.Y. 1999) ("The answer has been uniform that there is no implied cause of action under the CSRA." (citations omitted)).

IV.     Brown's Motion for Summary Judgement

Citing a provision of the Texas Rules of Civil Procedure, not applicable in this action, Brown moves for a no-evidence summary judgment on the Secretary's affirmative defenses. *See* Dkt. No. 26. But the Secretary has only moved to dismiss; no

defendant has yet pleaded affirmative defenses on which a defendant has a burden of proof; and, as the Court explained to Brown when it entered a briefing order on the motion to dismiss, the "deadline to serve a responsive pleading[ – through which affirmative defenses are typically raised – ]is stayed pending the Court's disposition of the motion." Dkt. No. 19 at 1 (citing FED. R. CIV. P. 12(a)(4); *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (per curiam); *Haffke v. Discover Fin. Servs.*, No. 4:10cv276, 2010 WL 3430853, at *1 (E.D. Tex. Aug. 6, 2010), *rec. adopted*, 2010 WL 3430848 (E.D. Tex. Aug. 27, 2010)). Brown's motion for summary judgment should therefore be denied as premature.

## IV.    Leave to Amend

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted). The Secretary's motion to dismiss apprised Brown of the insufficiency of his complaint. And Brown responded by filing the amended complaint discussed above. Thus, as Brown has availed himself of an opportunity to amend after being apprised of the insufficiency of his allegations – and because the allegations as amended still fail to raise a plausible cause of action – the Court should dismiss this action with prejudice.

-11-

**Recommendation**

The Court should grant the motion to dismiss [Dkt. No. 17], deny the motion for summary judgment [Dkt. No. 26], and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-12-